IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DILLON L. BRACKEN, | ) CIVIL NO. 11-00339 DAE-KSC |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO DISMISS |
| vs. | ) THIS ACTION WITHOUT ) PREJUDICE |
| BANK OF AMERICA, NA, | ) |
| Defendant. | ) |

FINDINGS AND RECOMMENDATION TO DISMISS
THIS ACTION WITHOUT PREJUDICE

On June 1, 2011, the Court issued an Order Setting Triage Conference, which set a Triage Conference for July 18, 2011, at 9:15 a.m. The Order directed that all parties or their counsel attend in person. Plaintiff Dillon Bracken failed to appear at the Triage Conference, in violation of the Court's Order.

On July 18, 2011, the Court issued an Order to Show Cause. The Court directed Plaintiff to appear on August 22, 2011, at 9:00 a.m. to show cause why this case should not be dismissed for failure to appear at the Triage Conference. The Court cautioned Plaintiff

that if he failed to appear, the Court would recommend dismissal of this action.

Plaintiff did not appear at the August 22, 2011 OSC hearing.

Courts do not take failures to comply with Court orders lightly. Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

Here, dismissal is appropriate given Plaintiff's failure to appear at the Triage Conference and failure to respond to the OSC or appear at the OSC hearing. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza,

291 F.3d 639, 642 (9th Cir. 2002),[1] finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. So too does the lack of availability of less drastic alternatives. Plaintiff has not taken any action nor communicated with the Court since filing his Complaint on May 25, 2011. Despite having had multiple opportunities to appear before and communicate with the Court, and despite the Court's attempt to compel Plaintiff's appearance to explain his failures, he has not responded, even when faced with the threat of dismissal. Thus, the Court is left with no choice but

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan, 291 F.3d at 642.

to dismiss. Issuing further OSCs and scheduling further hearings would be futile given Plaintiff's non-compliance and non-action to date.

Moreover, Defendant Bank of America will suffer prejudice if this case continues to proceed in its absence. The additional time that passes without service being effected will impair its ability to proceed to trial and interfere with the rightful decision of the case. Id.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, August 23, 2011.



                                            _____
                                            Kevin S.C. Chang
                                            United States Magistrate Judge

CIVIL NO. 11-00339 DAE-KSC; <u>BRACKEN V. BANK OF AMERICA, NA</u>; FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE